UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN M.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C18-5494 RBL

ORDER AFFIRMING DENIAL OF
BENEFITS

## I.     INTRODUCTION

This matter is before the Court on Plaintiff John M.'s Complaint (Dkt. 4) for review of the Commissioner of Social Security's denial of his application for disability insurance and supplemental security income benefits. This is the second time this matter has been before the Court. *See* Administrative Record ("AR") (Dkt. 8) at 1059-62.

Plaintiff has severe impairments of bilateral hearing loss, degenerative disc disease, obesity, diabetes mellitus, mood disorder/bipolar disorder II/major depressive disorder/antisocial personality disorder, rule-out malingering, anxiety disorder not otherwise specified, alcohol dependence, and cocaine and methamphetamine abuse. *Id.* at 943.

Plaintiff applied for disability benefits on April 8, 2011, alleging a disability onset date of

September 20, 2011.[1] *See id.* at 126, 230-33.  Plaintiff had previously applied for and been denied benefits, a decision that Plaintiff did not appeal.  *See id.* at 109-20.

Plaintiff's application was denied on initial review and on reconsideration.  *Id.* at 126-37, 139-53.  At Plaintiff's request, Administrative Law Judge ("ALJ") Michael Gilbert held a hearing on Plaintiff's claims.  *Id.* at 43-105.  The Appeals Council denied review.  *Id.* at 1-4.  Plaintiff then sought review before this Court.  *See id.* at 1057-58.

On October 27, 2015, Magistrate Judge Richard Creatura issued an order reversing and remanding the ALJ's decision for further administrative proceedings.  *Id.* at 1063-71.  Magistrate Judge Creatura held that the ALJ erred in rejecting the opinions of Daniel Neims, Psy.D.  *Id.*

Prior to Magistrate Judge Creatura's decision, Plaintiff filed a new application for benefits.  *See id.* at 1419-31.  On remand, the Appeals Council ordered that application to be consolidated with the 2011 application.  *Id.* at 1077-80.

On remand, ALJ Gilbert held a second hearing.  *Id.* at 972-1022.  He then issued a partially favorable decision.  *Id.* at 940-53.  ALJ Gilbert found that Plaintiff was not disabled from September 20, 2011, the alleged onset date, to January 18, 2015, but became disabled on January 19, 2015.  *Id.*  Plaintiff filed written exceptions to the ALJ's decision, but the Appeals Council declined to assume jurisdiction.  *Id.* at 1398-1403, 930-32.

Plaintiff argues that the ALJ erred in (a) rejecting Plaintiff's testimony, (b) evaluating the medical evidence, (c) evaluating the lay witness testimony, and (d) assessing Plaintiff's residual functional capacity ("RFC") and basing his findings at steps four and five of the disability evaluation process on that RFC.  *See* Pl. Op. Br. (Dkt. 14) at 2.  Plaintiff argues that the Court

---

[1] Plaintiff originally alleged an onset date of March 12, 2011, but amended the onset date to September 20, 2011.  *See id.* at 975.

1  should remand this matter for an award of benefits.  *Id.*

## II.  DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### A.  <u>The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony</u>

Plaintiff contends that the ALJ erred in rejecting his subjective symptom testimony.  Pl. Op. Br. at 12-16.  Plaintiff testified that he had severe back pain that radiated down his legs, limiting his ability to sit, stand, or walk.  AR at 296, 300-01, 982, 999-1000, 1494, 1499, 1524, 1529.  Plaintiff testified that he was limited in the amount he could lift.  *See id.*  Plaintiff testified that his biggest obstacle to employment was his mental condition, which caused him to have trust and anger issues.  *See id.* at 64, 75-76, 296, 301.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).  At this stage, the claimant need only show that the impairment could reasonably have

1    caused some degree of the symptoms; he does not have to show that the impairment could

2    reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that

3    Plaintiff met this step because his medically determinable impairments could reasonably be

4    expected to cause the symptoms he alleged. AR at 945.

5         If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ

6    may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for

7    doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting

8    *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court

9    may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.

10   1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even

11   if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v.*

12   *Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

13        The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and

14   limiting effects of his symptoms was "not fully supported prior to January 19, 2015." AR at 945.

15   The ALJ reasoned that Plaintiff's medical records were inconsistent with the severity of physical

16   and mental limitations alleged, and that Plaintiff's daily activities contradicted the severity of

17   symptoms alleged. *Id.* at 945-48.

18        Plaintiff has failed to show harmful error with respect to the ALJ's first reason—

19   inconsistency with the overall medical record. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th

20   Cir. 2012) (holding that the party challenging an administrative decision bears the burden of

21   proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). While an ALJ

22   may not reject subjective pain testimony "on the sole ground that it is not fully corroborated by

23   objective medical evidence," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), the ALJ

may reject such testimony when it is contradicted by the objective medical evidence, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Plaintiff has done nothing more than present an alternative interpretation of the evidence. But "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. The ALJ gave a thorough discussion of the evidence, citing numerous records that revealed less severe impairments than Plaintiff alleged. *See* AR at 945-47. The Court will not second-guess that interpretation given Plaintiff's failure to show that it was unreasonable.

Plaintiff has also failed to show harmful error with respect to the ALJ's second reason for discounting Plaintiff's testimony—inconsistency with Plaintiff's daily activities. An ALJ may use a claimant's activities to form the basis of an adverse credibility determination if they "contradict [her] other testimony." *See Orn v. Astrue*, 495 F.3d 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ reasonably concluded that Plaintiff's impairments were not as severe as he alleged because he could perform activities that contradicted his allegations, such as preparing his own meals, shopping in stores, doing laundry, attending support group meetings, and attending church. *See* AR at 947-48. Contrary to Plaintiff's argument, the ALJ did not cite to these activities as evidence that Plaintiff could perform specific work activities, but rather to show that Plaintiff's testimony was not consistent with his actual activity level. *Id.* Plaintiff has thus failed to show that the ALJ harmfully erred in discounting Plaintiff's testimony.

**B.     The ALJ Did Not Harmfully Err in Evaluating the Medical Evidence**

Plaintiff contends that the ALJ erred in evaluating the medical evidence. Pl. Op. Br. at 3-12. Plaintiff challenges the ALJ's evaluation of nearly all of the medical opinions in the record, but addresses those opinions in cursory fashion. The Court has repeatedly admonished

Plaintiff's counsel not to submit general recitations of the evidence devoid of anything more than conclusory legal arguments. *See, e.g.*, *Rachel S. v. Berryhill*, No. C18-5377 RSL, 2019 WL 1013469, at *4 (W.D. Wash. Mar. 4, 2019). The Court will not address the ALJ's weighing of medical opinions for which Plaintiff has not identified specific errors, including the opinions of Lezlie Pickett, Ph.D., Robert Corliss, M.D., and Brian Brendel, M.D. *See Carmickle*, 533 F.3d at 1161 n.2 (noting that the court "'ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief'") (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2008)). The Court will separately discuss the opinions for which Plaintiff has identified—albeit barely—an alleged error.

### 1. The ALJ Did Not Harmfully Err in Discounting the Opinions of Dan Neims, Psy.D.

Dr. Neims evaluated Plaintiff on May 2, 2013. AR at 798-817. Dr. Neims conducted a clinical interview and mental status exam, and performed several psychological tests. *Id.* Dr. Neims opined that Plaintiff was markedly limited in his ability to make simple work-related decisions, communicate and perform effectively in a work setting, complete a normal work day and week without interruptions from his psychological symptoms, maintain appropriate behavior in a work setting, and set realistic goals and plan independently. *Id.* at 800.

The ALJ gave Dr. Neims's opinions little weight. *Id.* at 948. The ALJ reasoned that Dr. Neims's opinions were inconsistent with the overall medical evidence, and that Plaintiff's symptoms appeared exaggerated during Dr. Neims's evaluation because Plaintiff was not on his medication at that time. *Id.*

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec.*

*Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Plaintiff has presented an alternate interpretation of the medical evidence by pointing to one other doctor's findings. Pl. Op. Br. at 4. But Plaintiff has failed to demonstrate that the ALJ's interpretation of Dr. Neims's opinions and the overall medical evidence was irrational. *See Thomas*, 278 F.3d at 954. Plaintiff has consequently failed to show error.

Plaintiff misreads the second part of the ALJ's rationale for rejecting Dr. Neims's opinions. It is true that an ALJ may not reject a doctor's opinions based on a claimant's inability to afford necessary medication. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). But that is not what the ALJ did here. Instead, ALJ Gilbert noted, and Plaintiff himself acknowledged, that Plaintiff's medications had been helping him function over the past five years. AR at 802, 948. Because Plaintiff had not been able to afford his medication at the time of Dr. Neims's examination, Plaintiff's condition appeared worse than it did throughout much of the rest of the record. The record does not suggest that Plaintiff could never afford his medications, however, and thus Plaintiff's worsened condition due to lack of medication was transitory. The ALJ therefore did not harmfully err in discounting Dr. Neims's opinions because they were inconsistent with the overall medical record.

### 2. The ALJ Did Not Harmfully Err in Discounting the Opinions of Jason Savoldi, D.O.

Dr. Savoldi was one of Plaintiff's treating doctors. *See* AR at 342-53, 369-70, 402-15, 611-16, 702-26. In August 2011, Dr. Savoldi reported that Plaintiff had low back pain that would require treatment that would take six months to a year before Plaintiff could effectively return to employment. *Id.* at 370. Dr. Savoldi opined that Plaintiff was incapable of even low stress jobs, could sit, stand or walk for less than two hours in a normal eight-hour work day, would need to take unscheduled rest breaks, would miss more than four days of work per month,

ORDER AFFIRMING DENIAL OF BENEFITS

had lifting limitations, and had postural limitations. *Id.* at 408-09. Dr. Savoldi opined that Plaintiff was "[s]eriously limited, but not precluded" in his ability to maintain regular attendance and be punctual within customary tolerances, work in coordination with others, make simple work-related decisions, and complete a normal work day or week without interruptions from his psychological symptoms. *Id.* at 412.

The ALJ rejected Dr. Savoldi's opinions as "unpersuasive." *Id.* at 949. The ALJ reasoned that Dr. Savoldi's opinions were inconsistent with his own treatment notes and the other evidence in the record. *Id.* In particular, the ALJ noted that "just the following month after Dr. Savoldi's opinion, [Plaintiff] had an essentially unremarkable exam of the low back and there was no indication of anxiety, depression, or agitation." *Id.*

The ALJ's first reason for rejecting Dr. Savoldi's opinions fails because it is not adequately explained. Stating that a doctor's opinion is contrary to his clinical findings without explanation fails "to specify why the ALJ felt the treating physician's opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). ALJ Gilbert did not specify how Dr. Savoldi's records were inconsistent with his opinions, and thus erred.

The ALJ's second reason for rejecting Dr. Savoldi's opinions survives scrutiny. ALJ Gilbert thoroughly discussed the medical evidence—albeit elsewhere in the decision—and identified how it was inconsistent with the limitations that align with Dr. Savoldi's opinions. *See* AR at 945-47. The ALJ did not err in rejecting Dr. Savoldi's opinions based on inconsistencies with the medical record. *See Batson*, 359 F.3d at 1195.

Although the ALJ included an erroneous reason in his rejection of Dr. Savoldi's opinions, Plaintiff has failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). An error is harmless "where it is 'inconsequential to the ultimate disability

determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle*, 533 F.3d at 1162). ALJ Gilbert's second reason for rejecting Dr. Savoldi's opinions remains valid regardless of the Plaintiff's erroneous first reason, so his inclusion of that erroneous reason was inconsequential and therefore harmless.

### 3. The ALJ Did Not Harmfully Err in Rejecting the Opinions of Renato Fajardo, M.D.

Dr. Fajardo examined Plaintiff on April 26, 2013. AR at 818-29. Dr. Fajardo opined that Plaintiff was moderately limited in many of his basic work activities due to chronic low back pain and degenerative disc disease with radiculopathy. *Id.* at 819. Dr. Fajardo opined that Plaintiff was limited to sedentary work, defined as being "[a]ble to lift 10 pounds maximum and frequently lift or carry lightweight articles," and "[a]ble to walk or stand only for brief periods." *Id.* at 820.

ALJ Gilbert gave Dr. Fajardo's opinions little weight. *Id.* at 949. The ALJ reasoned that Dr. Fajardo's opinions were inconsistent with his own exam. *Id.* The ALJ explained that "[f]or example, there was mention of diminished sensation in the feet, but no mention of any gait abnormality. He had intact deep tendon reflexes and motor." *Id.*

The ALJ did not err in rejecting Dr. Fajardo's opinions. An ALJ may discount a doctor's opinions when they are inconsistent with the doctor's own clinical findings. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). "[I]t is the ALJ's responsibility to determine: (1) whether there are internal inconsistencies in a physician's report; (2) whether those inconsistencies are material; and (3) 'whether certain factors are relevant to discount' the physician's opinion." *Downing v. Barnhart*, 167 F. App'x 652, 653 (9th Cir. 2006) (quoting *Morgan*, 169 F.3d at 603). Dr. Fajardo's exam had positive and negative findings, which the ALJ interpreted to be inconsistent. *See* AR at 821, 823. Plaintiff has therefore failed

to show that the ALJ harmfully erred in rejecting Dr. Fajardo's exam.

### 4. The ALJ Did Not Harmfully Err in Evaluating the Opinions of Enid Griffin, Psy.D.

Dr. Griffin examined Plaintiff on May 12, 2014. AR at 2012-16. Dr. Griffin opined that Plaintiff should attend "intensive, consistent therapy." *Id.* at 2015. Dr. Griffin opined that "[t]here is no indication of significant memory issues which would impede on [Plaintiff's] ability to handle simple tasks," and "[h]is ability to reason and adapt is slightly limited at this time." *Id.*

The ALJ gave Dr. Griffin's opinions great weight. *Id.* at 950. Plaintiff argues that the ALJ erred in doing so, but an ALJ is not required to provide reasons for accepting a medical opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Furthermore, Plaintiff has done nothing more than ask for an alternate interpretation of Dr. Griffin's opinion, and thus has not shown error. *See Thomas*, 278 F.3d at 954.

### 5. The ALJ Did Not Harmfully Err in Weighing the Opinions of the Non-Examining Doctors

Plaintiff last argues with respect to the medical evidence that the ALJ erred in evaluating the opinions of non-examining doctors Edward Beaty, Ph.D., Thomas Clifford, Ph.D., and Robert Hoskins, M.D. Pl. Op. Br. at 11-12. The ALJ addressed the opinions of Dr. Beaty and Dr. Clifford together, and the Court will do the same.

#### a. The ALJ Did Not Harmfully Err in Evaluating the Opinions of Dr. Beaty and Dr. Clifford

Dr. Beaty analyzed Plaintiff's mental limitations as part of the Social Security Administration's ("SSA") initial review of Plaintiff's second application for benefits. *See* AR at 1109-23. Dr. Beaty opined that Plaintiff was moderately limited in his ability to concentrate and persist, and in his ability to interact socially. *Id.* at 1119-20. In particular, Dr. Beaty opined that Plaintiff "could be expected to have occasional interruptions to his workday/workweek and

occasional issues regarding attendance. [He] remains capable of complex tasks with adequate persistence and pace." *Id.* at 1119. Dr. Beaty further opined that Plaintiff "could have difficulty w[ith] greater than superficial public interactions. [He is] [a]ble to accept normal supervision and interact appropriately with coworkers." *Id.* at 1120.

Dr. Clifford analyzed Plaintiff's mental limitations as part of the SSA's reconsideration of Plaintiff's second application for benefits. *Id.* at 1125-41. Dr. Clifford's opinions were identical to Dr. Beaty's opinions. *Id.* at 1137-38.

The ALJ, addressing Dr. Beaty and Dr. Clifford's opinions together, found that the cognitive limits to which these doctors opined were reasonable. *Id.* at 949. ALJ Gilbert determined that the doctors' statements that Plaintiff would have occasional interruptions in productivity and attendance did not preclude all work. *Id.* at 949-50. ALJ Gilbert explained that he accounted for the doctors' limitations on social interaction by limiting Plaintiff to "no interaction with the general public beyond [five percent] of the workday and no more than occasional interaction with coworkers."

ALJ Gilbert reasonably interpreted the opinions of Dr. Beaty and Dr. Clifford. An ALJ's RFC determination does not have to be identical to a doctor's accepted opinion; it need only be consistent with that opinion. *See Batson*, 359 F.3d at 1198. The fact that Plaintiff "could" have "occasional interruptions" to his work day and regarding attendance does not indicate a specific work limitation. Even workers with no limitations are off task and miss work from time to time. *See* AR at 94 (testimony from vocational expert noting that typical workers are off task 10 percent of the time). The ALJ determined that Plaintiff's occasional interruptions did not preclude work. AR at 948-49. Plaintiff consequently has not shown that the ALJ erred in addressing Dr. Beaty and Dr. Clifford's opinions in the RFC.

b.    <u>The ALJ Did Not Harmfully Err in Evaluating Dr. Hoskins's Opinions</u>

Dr. Hoskins reviewed Plaintiff's medical records and analyzed Plaintiff's physical limitations as part of the SSA's reconsideration of Plaintiff's 2014 benefits application. *Id.* at 1125-41.  Dr. Hoskins opined that Plaintiff had exertional, postural, manipulative, and environmental limitations. *Id.* at 1134-36.

The ALJ gave Dr. Hoskins's opinions great weight. *Id.* at 948.  Plaintiff argues that the ALJ erred in concluding that Dr. Hoskins's opinions were consistent with the overall record.  Pl. Op. Br. at 11-12.  But the ALJ was not required to give reasons for accepting a medical opinion. *Turner*, 613 F.3d at 1223.  And Plaintiff has not shown that the ALJ's reading of the evidence was irrational. *See Thomas*, 278 F.3d at 954.  The ALJ thus did not err in evaluating Dr. Hoskins's opinions.

## C.    **<u>The ALJ Did Not Harmfully Err in Rejecting the Lay Witness Testimony</u>**

Plaintiff contends that the ALJ erred in rejecting the lay witness testimony.  Pl. Op. Br. at 16-17.  Plaintiff challenges the ALJ's treatment of three such witnesses:  Danielle Bergman, an occupational therapist; Saul Wallach, a vocational rehabilitation counselor; and Georgia M., Plaintiff's mother. *Id.*

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)).  The ALJ must "give reasons germane to each witness" before he can reject such lay witness evidence. *Molina*, 674 F.3d at 1111 (internal citations and quotation marks omitted).  "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

//

### 1. The ALJ Did Not Harmfully Err in Rejecting Ms. Bergman's Opinions

Ms. Bergman completed a summary of Plaintiff's condition in November 2014. AR at 2227. Ms. Bergman opined that Plaintiff could perform light work, but not for a full eight-hour work day. *Id.*

The ALJ gave Ms. Bergman's opinion little weight because it was unsupported by the overall medical evidence. *Id.* at 949. ALJ Gilbert noted that Plaintiff had "less than remarkable objective deficits on exam with intact strength throughout, as well as, [sic] no gait abnormalities." *Id.*

Plaintiff has not demonstrated harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). An ALJ may reject lay witness testimony if it is inconsistent with the overall medical evidence. *See Bayliss*, 427 F.3d at 1218. That is what the ALJ did here, and Plaintiff has not shown that the ALJ's conclusion was an irrational interpretation of the evidence. *See Thomas*, 278 F.3d at 954. The ALJ thus did not harmfully err.

### 2. The ALJ Did Not Harmfully Err in Rejecting Mr. Wallach's Statement

Mr. Wallach wrote a letter on behalf of the Washington Department of Social and Health Services, Division of Vocational Rehabilitation ("DVR"), informing Plaintiff that he was not eligible for vocational rehabilitation services. AR at 322. Mr. Wallach related that Plaintiff was not eligible because "the severity of your disability is too significant for DVR services to help you get or keep a job." *Id.*

The ALJ gave Mr. Wallach's statement no weight because no medical basis for the determination of ineligibility for DVR services was provided, and the statement was a "conclusory, vague comment for ineligibility." *Id.* at 950.

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing

*Shinseki*, 556 U.S. at 407-09). Mr. Wallach's statement was self-evidently a vague conclusion about Plaintiff's eligibility for vocational rehabilitation services, which does not identify any particular functional limitations. The ALJ did not err in rejecting this statement.

### 3. The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Mother's Statements

Plaintiff's mother submitted two written statements. AR at 268-75, 1486-93. In April 2011, Plaintiff's mother explained that Plaintiff could not stand for very long, could not lift more than 10 pounds, and could not stand to be around large groups because he was easily agitated. *Id.* at 268. Plaintiff's mother gave a similar statement in April 2014, explaining that Plaintiff could not stand or walk for very long, and could not lift more than 10 pounds. *Id.* at 1486.

The ALJ gave Plaintiff's mother's statements little weight. *Id.* at 950. ALJ Gilbert reasoned that Plaintiff's mother's statements echoed Plaintiff's statements, which were rejected for their inconsistency with the medical record. *Id.*

The ALJ did not err in rejecting Plaintiff's mother's statements. The ALJ reasonably explained how the medical evidence contradicted Plaintiff's testimony and did not need to repeat himself here. *See Molina*, 674 F.3d at 1122 (holding that any error in failing to specifically discuss the lay witness testimony was harmless where that testimony mirrored the plaintiff's testimony, and the ALJ gave clear and convincing reasons to reject).

In sum, the ALJ did not harmfully err in rejecting the lay witness testimony.

### D. The ALJ Did Not Harmfully Err in Assessing Plaintiff's RFC and Conducting Steps Four and Five of the Disability Evaluation

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC, and consequently erred at steps four and five of the disability evaluation process. Pl. Op. Br. at 17-18. This argument is derivative of Plaintiff's other arguments, as it is based on the contention that the ALJ failed to properly evaluate Plaintiff's symptom testimony, the medical evidence, and the lay witness

testimony. *See id.* Because the Court has found that the ALJ did not err in his assessment of Plaintiff's testimony, the medical evidence, and the lay witness testimony, Plaintiff's argument fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

## III.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 7th day of May, 2019.

Ronald B. Leighton
United States District Judge